# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND THOMAS GARCIA, JR., <br><br> Petitioner, <br><br> v. <br> SUPERIOR COURT OF THE COUNTY OF SAN BERNARDINO et al., <br><br> Respondents. | No. ED CV 20-01325-FMO (DFM) <br><br> Order Summarily Dismissing Petition for Lack of Jurisdiction |

On June 29, 2020, Raymond Thomas Garcia, Jr. ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). This is Petitioner's second such petition filed within a year. See Raymond Garcia II v. San Bernardino et al., Case No. ED CV 19-2264-FMO (DFM) ("Prior Case"), Dkt. 1 (state habeas corpus petition filed by Petitioner in November 2019).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657, (1996). Under this procedure, "[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." Stewart v.

Martinez-Villareal, 523 U.S. 637, 641 (1998). Thereafter, the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" AEDPA. 28 U.S.C. § 2244(b)(3)(C).

The Petition, which is largely incomprehensible, is second and successive. Both the 2019 petition and the instant Petition appear to challenge a conviction arising from an improper "search and seizure" conducted in November 2017. Compare Dkt. 1 at 1, 6 with Prior Case, Dkt. 1 at 3, 5. If Petitioner wishes to make a second or successive application in this Court, he must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**. Until he does so, and until such a motion is granted, the Court is without jurisdiction to entertain the Petition. See Burton v. Stewart, 549 U.S. 147, 152 (2007).

The Petition is thus DISMISSED without prejudice to its refiling at such time as Petitioner obtains permission to file a successive petition.

Date: July 9, 2020

_____/s/_____
FERNANDO M. OLGUIN
United States District Judge

Presented by:

_____
DOUGLAS F. MCCORMICK
United States Magistrate Judge